**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 11 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CARLA FABIOLA LOZA BOTELLO; LUIS ANTONIO ZAMORA RAMIREZ; D. C. Z. L.; V. D. J. Z. L.; C. A. Z. L., <br><br> Petitioners, <br><br> v. <br><br> TODD BLANCHE, Attorney General, <br><br> Respondent. | No. 25-6057 <br><br> Agency Nos. <br> A249-130-551 <br> A249-130-552 <br> A249-130-553 <br> A249-130-554 <br> A249-130-555 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 7, 2026**
Pasadena, California

Before: GRABER, KOH, and H.A. THOMAS, Circuit Judges.

Petitioners Carla Loza Botello ("Loza Botello"), her husband Luis Antonio

Zamora Ramirez ("Zamora Ramirez"), and their three minor children (collectively,

"Petitioners"), natives and citizens of Mexico, petition for review of the Board of

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Immigration Appeals' ("BIA") decision dismissing their appeal from an Immigration Judge's ("IJ") denial of asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We deny the petition for review of the BIA's and IJ's (collectively, "Agency") decisions.[1]

Where, as here, the BIA agrees with the IJ's reasoning, we review both decisions. *Kumar v. Holder*, 728 F.3d 993, 998 (9th Cir. 2013). We review for substantial evidence the Agency's denial of asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *Ani v. Bondi*, 155 F.4th 1118, 1126 (9th Cir. 2025). Under that standard, we must uphold the Agency's findings "unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

1.      Substantial evidence supports the Agency's determination that the harm Petitioners suffered and the harm they fear lack the requisite nexus to a protected ground. *See Santos-Ponce v. Wilkinson*, 987 F.3d 886, 890 (9th Cir. 2021) (explaining that "whether the 'nexus' requirement has been satisfied . . . is reviewed under the substantial evidence standard"). Zamora Ramirez testified that

---

[1] Petitioners' opening brief also asserts, without elaboration, that the Agency violated Petitioners' rights to due process and equal protection. Because the brief does not develop these contentions, they are forfeited. *See* Fed. R. App. P. 28(a)(8)(A); *Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996).

intruders stole concealed valuables from the family's home but that he was not sure who they were. Loza Botello's declaration stated that Petitioners did not know why the intruders attacked their home. The intruders took money and valuables, made no demands, and never contacted the family again. "A [petitioner's] desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground." *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010); *see also Baballah v. Ashcroft*, 367 F.3d 1067, 1075 n.7 (9th Cir. 2004) (noting that relief is precluded when persecution is "solely on account of an economic motive"). Although Petitioners argue that the Agency could have inferred a non-economic motive for the 2023 burglary of Petitioners' family's home because the intruders shot at Zamora Ramirez's father and killed a family dog, the possibility of a different inference does not compel a contrary conclusion. *See INS v. Elias-Zacarias*, 502 U.S. 478, 481 n.1 (1992).

The BIA also applied the correct legal standard of review regarding nexus, reviewing the IJ's findings about motive for clear error and the nexus question de novo. *See Umana-Escobar v. Garland*, 69 F.4th 544, 551-52 (9th Cir. 2023) (holding that "the BIA reviews the IJ's underlying factual findings, such as what a persecutor's motive may be, for clear error," but "must review de novo whether a persecutor's motives meet the nexus legal standards").

2.    The IJ and BIA also adequately considered the evidence regarding

Petitioners' CAT claim. The IJ considered evidence of cartel involvement and police corruption and weighed it against countervailing evidence, including the fact that the police offered Zamora Ramirez's father protection, which he declined, and that Petitioners could not identify the burglars. *See Andrade-Garcia v. Lynch*, 828 F.3d 829, 836 (9th Cir. 2016) (holding that the government's "inability to bring the criminals to justice" and "general ineffectiveness" do not establish acquiescence). Considering all the relevant evidence, the IJ concluded that Petitioners were not more likely than not to be tortured if they returned to Mexico. The BIA adopted and affirmed that finding. Petitioners' contention that the Agency failed to consider all relevant evidence when assessing Petitioners' CAT claim is therefore belied by the record. *See Alaelua v. INS*, 45 F.3d 1379, 1381(9th Cir. 1995) (holding that, although the BIA is required to "state its reasons and show proper consideration of all factors," it does not fail "this standard if it adopts the decision of the IJ" (citation omitted)).

**PETITION DENIED.**[2]

---

[2] Petitioners' opposed motion to stay removal (Dkt. No. 3) is denied. The temporary stay of removal entered pursuant to General Order 6.4(c) is lifted, effective immediately.

25-6057